

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 16, 1992

Honorable Dan M. Boulware
District Attorney
Johnson and Somervell Counties
Johnson County Courthouse
Cleburne, Texas 76031

Opinion No. DM-105

Re: Whether the Texas Commission on Law Enforcement Officer Standards and Education exceeded its rulemaking authority in promulgating title 37, section 211.80(a)(1) of the Texas Administrative Code (RQ-293)

Dear Mr. Boulware:

You ask about the validity of title 37, section 211.80(a)(1) of the Texas Administrative Code a regulation through which the Texas Commission on Law Enforcement Officer Standards and Education (hereinafter the commission) requires an applicant for a license as a peace officer, a reserve, an armed public security officer, or a jailer to be a citizen of the United States of America. You urge that the commission has exceeded its authority to promulgate rules under section 415.010 of the Government Code, which grants the commission rulemaking power. We conclude that in this circumstance, the commission has exceeded its rulemaking authority.

The determining factor in answering the question of whether a particular administrative agency has exceeded its rulemaking power is whether the rule is in harmony with the general objectives of the statute which grants that agency rulemaking power. *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702 (Tex. 1968); Attorney General Opinion JM-609 (1986); *see also* Attorney General Opinion DM-68 (1991) (administrative agency may not impose restrictions that are inconsistent with its statutory powers). Section 415.010(10) of the Government Code authorizes the commission to

> establish minimum standards relating to competence and relia-
> bility, including educational, training, physical, mental, and

> moral standards, for licensing as an officer, county jailer, or public security officer.[1] (Footnote added.)

Under this provision, the legislature has granted the commission the discretion to establish minimum standards for licensing certain law enforcement officers. This discretion is not unbridled; the standards must relate only to an applicant's competence and reliability. Furthermore, section 415.010 lists education, training, physical and mental health, and moral character as matters the legislature considered pertinent to an applicant's competence and reliability as an officer, county jailer, or public security officer.

In order to determine whether in promulgating title 37, section 211.80(a)(1) of the Texas Administrative Code[2] the commission has exceeded its rulemaking authority, we must determine whether the citizenship requirement harmonizes with the legislative directive of section 415.010 of the Government Code that the commission establish standards relating to competency and reliability. *See Gerst.* Section 415.010 does not expressly include citizenship in its list of matters bearing on an *applicant's competence and reliability. Until 1981, the commission's authorization to establish standards for the employment of peace officers expressly included citizenship as a matter relating to the competency and reliability of peace officers.[3] See* Acts 1981, 67th Leg., ch. 699, § 1, at 2613 (former V.T.C.S. article 4413(29aa), section 6(c), repealed by Acts 1987, 70th Leg., ch. 147, § 6(a), eff. Sept. 1, 1987, see now Government Code chapter 415). In 1981, citizenship was omitted from the list

---

[1]Because of the definitions of officer, county jailer, and public security officer, found in sections 415.001(2), (4) - (7) of the Government Code, the law enforcement positions listed in section 415.010 of the Government Code correspond to the officers named in title 37, section 211.80(a)(1) of the Texas Administrative Code: peace officer, reserve, armed public security officer, and jailer.

[2]This rule was adopted to be effective October 19, 1983.

[3]The predecessor statute of section 415.010 of the Government Code, former article 4413(29aa), section 2(b), V.T.C.S., did not include the citizenship language; rather it authorized the commission to "[e]stablish minimum educational, training, physical, mental and moral standards for admission to employment as a peace officer. . . ." Acts 1975, 64th Leg., ch. 549, § 1, at 1809. Section 6(c) of former article 4413(29aa), V.T.C.S., where we find the citizenship language, thus provided additional authority for the commission to establish rules regarding the employment of peace officers.

of matters relating to the employment[4] of competent and reliable peace officers about which the commission may establish rules. *See* H.B. 2236, Acts 1981, 67th Leg., ch. 757, § 3, at 2794-95.

We think this omission is a clear indication of the legislative intent that citizenship not be a qualification for a competent and reliable law enforcement officer. The legislature has withdrawn from the commission the authority to establish a rule requiring that an applicant for a license as a peace officer, reserve, armed public security officer, or jailer be a citizen of this country. *See State v. Jackson*, 376 S.W.2d 341 (Tex. 1964). The authority of the commission to establish rules about competent and reliable law enforcement officers pursuant to section 415.010 of the Government Code does not include the authority to establish United States citizenship as a requirement for the licensing of these officers. Therefore, the citizenship requirement of title 37, section 211.80(a)(1) of the Texas Administrative Code is not in harmony with the legislative intent of section 415.010 of the Government Code. *See Gerst*.

Thus, we conclude that by promulgating title 37, section 211.80(a)(1) of the Texas Administrative Code the commission has exceeded its statutory authority. *See, e.g., Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214 (Tex. Civ. App.-- San Antonio 1980, no writ) (rules adopted by administrative agency may not impose additional burden or condition in excess of or inconsistent with statutory provisions).

## S U M M A R Y

The Texas Commission on Law Enforcement Officer Standards and Education is not authorized to promulgate title 37, section 211.80(a)(1) of the Texas Administrative Code, a rule

---

[4]Both provisions in the prior law, sections 2(b) and 6(c) of former article 4413(29aa), V.T.C.S., granted the commission the authority to establish rules regarding the employment of peace officers, as distinguished from the licensing of certain officers. Section 415.010 of the Government Code and title 37, section 211.80(a)(1) of the Texas Administrative Code, at issue here, are about the licensing of certain law enforcement officers. Since employment as a law enforcement officer is conditioned upon obtaining the appropriate license, *see* Gov't Code § 415.051(a), we think the distinction between licensing and employing a law enforcement officer is not important for purposes of inquiring into the intent of the legislature in granting the commission the authority to promulgate rules pertaining to the qualifications of competent and reliable law enforcement officers.

which requires an applicant for a peace officer, reserve, or jailer license to be a United States citizen.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kay H. Guajardo
Assistant Attorney General